# Tennessee Coal, Iron & Railroad Co.
# v. Wheeler.

*Bill in Equity to have Deed declared a Mortgage, and the same cancelled as a Cloud upon Title.*

1. *Deed; sufficient delivery.*—Delivery is essential to the execution and operating effect of a deed; but no particular form is necessary to make the delivery effectual, and it may be manifested by either words or acts; and when, after the execution of a deed, it is delivered to an attesting witness with instructions that he probate the same and file it for registration in the office of the probate judge, which is done, it will be construed that there is a sufficient delivery to give effect to the deed, and this is true, though it is done without the knowledge of the grantee in said instrument, and he never had possession of said deed and did not know of its existence until after the death of the grantor.

2. *Declaring deed a mortgage; sufficiency of evidence.*—While a conveyance of land, absolute on its face, may be declared and enforced as a mortgage in equity on parol evidence, the evidence to authorize such relief must be clear, consistent, strong and convincing; the burden being upon the complainant to make such proof.

APPEAL from the City Court of Birmingham, in Equity.

Heard before the Hon. W. W. WILKERSON.

The bill in this case was filed by the appellant against the appellee, to have a deed absolute on its face, executed by H. L. Wheeler and his wife, to the respondent, declared a mortgage, and inasmuch as the debt secured by it had been paid, to have said instrument cancelled as a cloud upon complainant's title to the property therein conveyed, or to have said deed declared void and inoperative for want of a proper delivery thereof.

The bill averred that in 1892, Adelaide Wheeler, the widow of H. L. Wheeler, as the administratrix of the estate of said H. L. Wheeler, executed a deed to the

complainant, in which she conveyed the minerals and mineral rights to the lands in controversy, which were specifically described in the bill, and that said sale was made under a regular order of the probate court. It was then averred that in 1884, H. L. Wheeler and his wife, Adelaide Wheeler, executed a mortgage to the defendant, George F. Wheeler, to secure an indebtedness from H. L. Wheeler to the mortgagee; that in this mortgage there were certain lands, other than those involved in this controversy, conveyed; that subsequently, in 1885, the said H. L. Wheeler and his wife executed a deed to the said George F. Wheeler, in which they conveyed the lands which are involved in this suit upon the recited consideration of $800. It was then averred that although said deed recited the payment of $800, there was in fact no consideraion paid and that the deed was executed and intended as a mortgage to further secure the indebtedness of H. L. Wheeler to George F. Wheeler, which was secured by the mortgage executed in 1884, the latter considering such former mortgage insufficient security for said debt.

It was further averred that at the time of the execution of this deed in 1885, the said George F. Wheeler, who was the grantee in said deed, was a resident of Massachusetts, and that he did not know of the execution of the deed until a year or more after it was executed; that upon the deed being signed by H. L. Wheeler and his wife, and properly witnessed and probated, it was delivered to an attesting witness with directions that he should file it in the probate office for registration, and that after being so filed and recorded, it was, after the death of said H. L. Wheeler, found among his papers, where it had been put after its resignation in the probate office.

It was further averred that the said H. L. Wheeler died in 1886, and that the debt which the first mortgage was given to secure had been paid to the defendant by Adelaide Wheeler, the administratrix of the estate of H. L. Wheeler, deceased.

The prayer of the bill was that said deed be declared to be a mortgage and that, the debt intended to be se-

cured thereby having been paid, the said deed be annulled and set aside and removed as a cloud upon the complainant's title, or that said deed be declared to be void, null and of no effect, by reason of its not having been delivered.

In his answer to the bill, the defendant admitted the execution of the several instruments averred in the bill, but denied that the deed in 1885 was intended as a further security of the debt secured by the mortgage executed in 1884, and the defendant averred that the said deed was executed in part payment of an indebtedness which had been due to him from H. L. Wheeler many years prior to the execution of the deed and was a separate and distinct indebtedness from that secured by the mortgage in 1884, and that said deed was executed in accordance with an agreement and understanding had between the defendant and the said H. L. Wheeler.

Adelaide Wheeler, the widow of H. L. Wheeler, and E. S. Bliss, who had witnessed the execution of said deed, were both examined as witnesses for the complainant and testified that the said deed was executed by the said H. L. Wheeler as a mortgage or further security for the debt secured by the mortgage executed in 1884. Each of these witnesses testified that the said Henry L. Wheeler stated to them that said deed was made as further security for said mortgage debt, because the said George F. Wheeler was dissatisfied with the original security. The said Bliss testified that upon the execution of said deed, H. L. Wheeler delivered to him the deed to have it probated and recorded, which he did, and that he then got said paper from the probate office and left it at the house of H. L. Wheeler, where it was found after his death, and that the said George F. Wheeler knew nothing of its execution until after the death of said H. L. Wheeler.

The defendant, George F. Wheeler, testified that a short time before the deed was executed, he and H. L. Wheeler discussed an old indebtedness which had existed between them since the year 1867, and that H. L. Wheeler agreed to make the deed which he executed in

[Tennessee Coal, Iron & Railroad Co. v. Wheeler.]

1885, and that the consideration for the deed was on account of money which he had loaned the said Wheeler; that the said deed was made in good faith and was not given as additional security for a prior, existing mortgage debt; and that said deed was an absolute *bona fide* conveyance of the land to him. He was corroborated in this testimony by his sister, who lived with him.

Upon the final submission of the cause upon the pleadings and proof, the chancellor decreed that the complainant was not entitled to the relief prayed for, and ordered the bill dismissed. From this decree the complainant appeals, and assigns the rendition thereof as error.

WALKER PERCY and W. I. GRUBBS, for appellant, cited *Peagler v. Stabler*, 91 Ala. 310; *Daniels v. Lowery*, 92 Ala. 519; *Alexander v. Alexander*, 71 Ala. 288.

GARRETT, UNDERWOOD & THACH, *contra.*—If a grantor executes a deed and leaves it for record, the law from that fact presumes that he intends to divest himself of title and consequently holds that the deed is delivered. 9 Am. & Eng. Encyc. of Law, (2d ed.), 159; *Elsberry v. Boykin*, 65 Ala. 336; *Elston v. Comer*, 108 Ala. 76; *Burt v. Cassety*, 12 Ala. 734; *Lewis v. Watson*, 98 Ala. 479. In order that absolute conveyances may be considered mortgages, the evidence that they were intended as such must be clear and convincing.—*Turner v. Wilkerson*, 72 Ala. 361; *Parks v. Parks*, 66 Ala. 326; *Mitchell v. Wellborn*, 80 Ala. 16; *Danner L. & L. Co. v. S. I. Co.*, 77 Ala. 184; *Adams v. Pilcher*, 92 Ala. 474; *Knaus v. Dreher*, 84 Ala. 319.

HARALSON, J.—1. The facts of this case show a sufficient delivery of the deed by the grantors, Henry L. Wheeler, and Adelaide B. Wheeler to the grantee, George F. Wheeler.—*Elston v. Comer*, 108 Ala. 76; *Lewis v. Watson*, 98 Ala. 479; *Elsberry v. Boykin*, 65 Ala. 336.

2. A conveyance of lands absolute on its face, may be declared and enforced as a mortgage in equity, on parol evidence, but the evidence must be clear, consist-

ent, strong and convincing.—*Knaus v. Dreher*, 84 Ala. 319; *Downing v. Woodstock·I, Co.*, 93 Ala. 262.

3. The burden was on the complainant to prove the allegations of the bill, which were denied by the defendant. The legal proof not only fell short of making out the case by the measure of proof required in such cases, but was repelled by the evidence of the defendant. The chancellor so found, and we approve the decree rendered by him.

Affirmed.