[Harrison, et al. v. Maury, et al.]

# Harrison, *et al. v.* Maury, *et al.*

### Bill to Declare a Deed a Mortgage.

(Decided Nov. 25, 1908. 47 South. 724.)

1. *Mortgages; Deeds as Mortgages.*—The character of the conveyance must be determined by the clear and certain intention of the parties, and if there be an agreement that it shall operate as a security for a debt, it can and will operate only as a mortgage; and this agreement may rest in parol or by separate paper writing, or be expressed in the face of the conveyance.

2. *Same; Evidence.*—The evidence to sustain the allegation that a deed absolute on its face is to operate as a mortgage must be clear and convincing; in this case such burden has not been met by the evidence.

APPEAL from Choctaw Chancery Court.

Heard before Hon. THOMAS H. SMITH.

Bill by George W. Harrison and others against E. N. Maury and others, to declare a deed absolute on its face a mortgage. From a decree for respondents complainants appeal. Affirmed.

ELMORE & HARRISON, and W. F. GLOVER, for appellant. The rule is that where the deed is the only exposition of the contract strict proof is required, but where there is admitted a prior contract showing an understanding outside, the rule changes.—*Turner v. Wilkerson,* 72 Ala. 361; 125 Ala. 140; 137 Ala. 131; 40 South. 504. The averments of the bill are sufficient to show the relation of mortgagor and mortgagee.—42 South. 95. The fact and not the form determines whether an instrument is a deed or a mortgage.—2 L. R. A. (N. S.) 628. The evidence need only be reasonable and satisfactory.—83 Ala. 396. The facts are sufficient as to notice to put the purchaser on inquiry.—74 Ala. 514.

O. L. GRAY, and TAYLOR & HEARIN, for appellee. The contract was that of vendor and vendee and not of mortgagor and gorgagee.—*Harrison v. Maury*, 140 Ala. 523. One cannot make a deed or bond for title and create a mortgage simply by calling it a mortgage.—*Glass v. Hieronymous*, 125 Ala. 140; *Mosely v. Mosely*, 86 Ala. 289.

HARALSON, J.—The parties to the appeal are agreed as to the purposes of the bill filed in the case. Appellants' counsel say in brief: "The bill in this case seeks to have an absolute conveyance declared a mortgage."

The appellees' counsel say, that the bill is "to construe an absolute deed a mortgage."

The proceedings are obscured by much pleading and evidence, but when reduced to its real purpose, the bill may be brought and considered within the limits as stated. Four bills appear in the transcript, the last one having been filed on the 7th of October, 1904. The bill is filed as a substitute for the others previously filed. The complainants state, in paragraph 2 of this last bill, that "they have heretofore exibited in this honorable court original and amended bills of complaint against this respondent which they refer to and that this be taken and considered as a substitute to said original and amended bills of complaint, which is filed as an amended and substituted bill to said original and amended bills. The chancellor by an order allowed this bill to be so filed. In his final decree he states, that substantially four separate bills have been filed in this case, the first filed July 15, 1903, the second, July 25, 1903, the third, September 29, 1903, the fourth (which is the amended and substituted bill), October 7, 1904. "This last is a full statement of complainants' case, and is

complete without reference to those previously filed, except in its reference to certain exhibits to the other bills. Its sole purpose is to have a deed declared a mortgage and to be allowed to redeem. The answer presents that issue. The testimony is taken under it."

The law is well settled, that "in a court of equity, the character of the conveyance must be determined by the clear and certain intention of the parties; and if there be an agreement between them that it shall operate as a security for a debt, it can and will operate only as a mortgage. The agreement may be expressed in the deed, or in a separate writing, or it may rest in parol. * * * Where the conveyance is absolute, and the controversy is, whether the parties contemplated an unconditional sale or a mortgage, the party claiming that it was intended as a mortgage, if the fact is denied, must show by clear and convincing evidence that, at the time of the original transaction, it was intended and understood by both parties, the conveyance should operate only as a security for a debt." 2 Brick. Dig. 271, §§ 318 322; *Douglass v. Moody*, 80 Ala. 66.

It would be a great expense of time and labor, to set out the averments of the bill and answer, and the evidence on each side, which is voluminous, to sustain the adverse contentions of the parties. It is sufficient for al! reasonable purposes to say, that the averments of the bill are to the effect, that the deed of conveyance absolute in form, from complainants to respondent, was intended by them to be and operate only as a security for a debt.

The answer denies specifically these averments of the bill, and its averments are to the effect, that said conveyance was designed to be, and was an absolute conveyance and was never intended to be a mortgage.

The evidence of the complainants tends to establish the allegations of the bill. It is, as stated, voluminous,

much of it irrelevant and illegal, and is not, of itself, clear and convincing, but is wanting in this respect.

The contention of the respondent, on the other hand, is full, clear and convincing, that the deed was an absolute conveyance and not intended to be a mortgage.

The chancellor stated, that much of the evidence taken and offered was immaterial, and subject to exceptions made, and was not considered but disregarded in the decision of the case, and adds, "I am satisfied that complainants fall far short of making out their case," and decreed that they were not entitled to relief, and dismissed the bill, but the cause was retained solely for the purpose of having a settlement by the receiver, appointed in the case, of his receivership.

The case has been carefully examined, and we find ourselve indisposed to differ with the chancellor in his determination of the cause.

Affirmed.

TYSON, C. J., and SIMPSON and DENSON, JJ.. concur.