(85 South. 21)

### LYONS v. YIELDING. (6 Div. 983.)

(Supreme Court of Alabama. Jan. 15, 1920.)

1. CORPORATIONS ⬤⟹123(5)—PAROL EVIDENCE IS COMPETENT TO SHOW THAT BILL OF SALE OF STOCK WAS IN FACT CHATTEL MORTGAGE OR PLEDGE.

Parol evidence is competent to show whether a contract was a sale of corporate stock, or a mortgage thereon or pledge thereof, though the written instrument was in form an absolute bill of sale.

2. CORPORATIONS ⬤⟹123(2)—BILL OF SALE OF STOCK, GIVEN TO SECURE DEBT, IS MORTGAGE.

A bill of sale of corporate stock, given to secure a debt, is a mortgage, regardless of the wording of the contract.

3. APPEAL AND ERROR ⬤⟹1009(2) — DECREE HOLDING BILL OF SALE A MORTGAGE AFFIRMED.

Where the finding of the court below in equity that a bill of sale of corporate stock was in fact given to secure a debt was supported by evidence that was clear, consistent, and convincing, a decree authorizing redemption will be affirmed.

Appeal from Circuit Court, Jefferson County; Hugh A. Locke, Judge.

Suit by W. L. Yielding against Solomon Lyons for an accounting, to have a bill of sale declared a mortgage and redeemed. Decree for claimant, and respondent appeals. Affirmed.

The bill alleges that Yielding procured from Lyons a loan of $85 for 30 days, re-

ceiving therefor a sum of $75 himself, and executing to Lyons a bill of sale for certain stock in the Julian-Beggs Signal Company; said bill of sale being intended as a security or pledge for the money loaned. The original loan was for 30 days, and was continued for 30 days from time to time; Yielding paying for each extension, until the sum of $40 had been repaid.

The evidence of the complainant and several witnesses tended strongly to support his theory of the case. The respondent denied loaning Yielding any money, and contended that he purchased the stock straight out, taking a bill of sale therefor.

Smith & McCary, of Birmingham, for appellant. Ordinarily a pledge of personal property cannot be redeemed by bill in equity. 196 Ala. 617, 72 South. 167. The evidence was not sufficient to authorize the relief prayed. 84 Ala. 319, 4 South. 287. To be available, usury must be pleaded. 121 Ala. 524, 26 South. 201.

Clark Williams, of Birmingham, for appellee. The court properly granted relief. 96 Ala. 371, 11 South. 304; 120 Ala. 156, 24 South. 171, 42 L. R. A. 783; 74 Ala. 621.

THOMAS, J. The bill, as amended, prays that the bill of sale or transfer of corporate stock be declared a security for debt.

[1, 2] The nature and character of the contract in question, whether that of the sale of stock in the Julian-Beggs Signal Company or a mortgage thereon or pledge thereof, was properly shown by parol evidence. Corley v. Vizard, 84 South. 299,[1] and authorities collected. If a debt was secured, as was done here, the transaction is a mortgage or security for debt, regardless of the wording of the contract. Harrison v. Maury, 157 Ala. 227, 229, 47 South. 724; Rodgers v. Burt, 157 Ala. 91, 96, 97, 47 South. 226; Smith v. Smith, 153 Ala. 504, 508, 45 South. 168; Robinson v. Farrelly, 16 Ala. 472, 476.

[3] We have carefully examined the record, and are of the opinion that the finding of fact is supported by evidence that is clear, consistent, strong, and convincing. Knaus v. Dreher, 84 Ala. 319, 4 South. 287; Downing v. Woodstock Iron Co., 93 Ala. 262, 9 South. 177; T. C. I. & R. Co. v. Wheeler, 125 Ala. 538, 28 South. 38; Folmar v. Lehman-Durr Co., 147 Ala. 472, 477, 41 South. 750.

The decree of the circuit court, in equity, is affirmed.

Affirmed.

ANDERSON, C. J., and McCLELLAN and SOMERVILLE, JJ., concur.