## WHITE et al. v. MORRING. (8 Div. 926.)

(Court of Appeals of Alabama. Nov. 14, 1922. Rehearing Denied Dec. 19, 1922.)

**1. Evidence ☞419(14)—Omissions in recitals of consideration of replevy bond may be supplied by parol.**

The recital of issuance of the writ of detinue, and its levy, in a replevy bond are not matters of substance but of inducement, showing the consideration of the bond and parol evidence may supply omissions therein.

**2. Detinue ☞15—Recital in replevy bond that writ was "sued out" presupposes conformity to necessary requirements.**

A replevy bond, reciting that the writ was "sued out," presupposes conformity to necessary statutory requirements.

**3. Detinue ☞25—Description in judgment of automobile sued for held sufficient.**

Where "one Dodge automobile, No. 42561, tag No." was sued for in detinue, and a judgment was rendered for "the property sued for in the complaint, to wit, one Dodge automobile, No. 42561," etc., the description was sufficient, notwithstanding that further on in the judgment the number appeared as 43561.

**4. Detinue ☞15—Discrepancy in description of property in complaint and bond held immaterial.**

That a complaint in detinue described the property sued for as one Dodge automobile, while in the bond it was described as one Sedan Dodge automobile, was immaterial.

Appeal from Circuit Court, Madison County; Robert C. Brickell, Judge.

Motion of L. C. White and others to quash execution issued on forfeited replevy bond in detinue, by G. T. Morring against L. C. White and others. From a judgment overruling the motion, the movants appeal. Affirmed.

Reversed and remanded on mandate of Supreme Court in Ex parte L. C. White et al., 209 Ala. 95, 95 South. 495.

R. E. Smith, of Huntsville, for appellants.

Replevy bonds, being of statutory creation, are strictly construed, and must follow the substance of the statute authorizing them. Code §§ 3778, 3780; 5 Ala. 618; 7 Ala. 593; 97 Ala. 715, 12 South. 166; 99 Ala. 603, 12 South. 917; 57 Ala. 571. The bond did not comply with the statute, in that it failed to provide that the property should be delivered to plaintiff. 97 Ala. 715, 12 South. 166.

Lanier & Pride, of Huntsville, for appellee.

The bond conformed to the requirements of the statute. Code 1907, §§ 2955, 3778–3783; 97 Ala. 715, 12 South. 166; 57 Ala. 571.

SAMFORD, J. The bond, the subject of controversy, is as follows:

"State of Alabama, Madison County, Circuit Court.

"Know all men by these presents, that Thomas L. Hanvey and sureties are held and firmly bound unto G. T. Morring in the sum of six hundred dollars, for which payment, well and truly to be made, we bind ourselves, our heirs, executors and administrators, jointly and severally, firmly by these presents. Sealed with our seals and dated this the 16th day of June, 1921.

"The condition of the above obligation is such that, whereas, the said G. T. Morring did on the 15th day of June, 1921, sue out of the circuit court of said county a writ in detinue, directed to any sheriff of the state of Alabama, and commanding him to take into his possession the following property, sued for in said action of detinue, to wit: One Dodge sedan automobile. Which said writ was placed in the hands of J. C. Lowe, sheriff of the county of Madison on the 15th day of June, 1921, and executed by him on the 16th day of June, 1921, by taking into his possession one Dodge sedan automobile, and where as the above bond Thomas L. Hanvey has, within five days from the execution of said writ, entered into this bond as required by law, and thereby obtained possession of said property, now, if the Thomas L. Hanvey shall well and truly within thirty days after the determination of this suit, if the said Thos. L. Hanvey be cast in said suit, deliver the property replevied and also pay all the costs and such damages for detention as may accrue from said detention, then this obligation to be void; otherwise to remain in full force and effect.

"Thos. L. Hanvey.　　[L. S.]
"G. H. Moore.　　　　[L. S.]
"L. C. White.　　　　[L. S.]
"J. C. Erwin.　　　　[L. S.]
"Approved this 18th day of June, 1921.
　　　　　　"J. C. Lowe, Sheriff."

The defendant having failed to comply with the terms of the bond, the sheriff so certified, in accordance with section 3783 of the Code of 1907, and execution was regularly issued.

The obligations of the bond are specifically stated to be to the plaintiff by name. The conditions recite the issuance of a writ of detinue at the suit of the plaintiff, a description of the property claimed, the execution of the writ by the sheriff, and the making of the bond by the defendant and his sureties, the retaining of the property by reason of said bond, and the obligation, in case defendant was cast in the suit, to return the property in 30 days, and to pay all costs, etc.

[1, 2] The recitals of issuance of the writ of detinue and its levy are not matters of substance, but matters of inducement, showing the consideration of the bond. Should these not be full enough, parol evidence may supply them. They are not an essential part and refer to extrinsic matter. But the

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

recital that the writ was "sued out" presupposes conformity to necessary statutory requirement. Adler v. Potter, 57 Ala. 571; Tallmadge v. Richmond, 9 Johns. (N. Y.) 85; Meredith v. Richardson, 10 Ala. 828; Mitchell v. Ingram, 38 Ala. 395. In the case of Harrison v. Hamner, 99 Ala. 603, 12 South. 917, the recitals were that "a summons and complaint in detinue" issued from the court, which would not of itself authorize a seizure of the property, and therein lies the difference between that case and the case at bar. The conditions of this bond are in accordance with the requirements of section 3778 of the Code of 1907. Indeed, it is not otherwise contended, except the appellant contends the requirements of the bond, as to delivery, are uncertain and insufficient. With this we do not agree. As has been seen, the entire obligation runs to G. T. Morring, the plaintiff, and to him the delivery is required.

[3] It is next insisted that the judgment entry in the detinue suit does not describe the property sued for in the complaint. The property sued for is: "One Dodge automobile, No. 42561, tag No." The judgment is: "The plaintiff have and recover of the defendant the property sued for in the complaint, to wit, one Dodge automobile, No. 42561," etc. That further on in the judgment the number appears as 43561 is so clearly a clerical error that it is self-correcting.

[4] That the description in the complaint is one Dodge automobile, while in the bond its description is "one Sedan Dodge automobile," is of no moment. Both described a Dodge automobile, and the addition of the word "Sedan" did not materially vary the description.

We find no error in the record, and the judgment is affirmed.

Affirmed.

Opinion Complying with Writ of Certiorari.

A statutory bond is nothing more or less than a contract between the parties thereto, which, on account of statutory rights conferred thereby, must be strictly construed, and, of course, when any of the material requirements made by statute are omitted, is not a statutory bond, as was the case in Traweek v. Heard, 97 Ala. 715, 12 South. 166; as was also the case where additional obligations were included as in Harrison v. Hamner, 99 Ala. 603, 12 South. 917, where the recitals were that a summons and complaint in detinue issued, which would not of itself authorize a seizure of the property. Giving to the bond the strictest construction, it appears to us that, by necessary intendment, the delivery, in case of failure in the suit, is required to be made to Morring, the plaintiff. He is the only other party to the bond. He alone is named as the obligee. The statute governing this kind of statutory bond specifies that the delivery must be made to him,

and there is no intimation anywhere other than that the defendant was executing the bond in conformity to the existing law on the subject. Even in a criminal case, where the rule is strictest, the court will sustain a judgment based upon a verdict, which by necessary intendment can mean but one thing. Sullivan v. State, 208 Ala. 473, 94 South. 473.

We yield, of course, to the decision of a majority of the Supreme Court, and on the authority of Ex parte L. C. White et al. v. Morring, 209 Ala. 95, 95 South. 495, the judgment is reversed and the cause is remanded.