183 So. 456

**ANDALUSIA MOTOR CO. v. MULLINS.**

**4 Div. 347.**

Court of Appeals of Alabama.

March 22, 1938.

Rehearing Denied May 10, 1938.

E. O. Baldwin, of Andalusia, for appellant.

Whaley & Whaley, of Andalusia, for appellee.

SAMFORD, Judge.

This is an appeal brought by the original defendant, as appellant, from a judg- ment for plaintiff in an action in detinue claiming specific personal property, to wit, one Ford coach automobile, 1934 model, with the value of the hire or use thereof, during its detention. The suit was filed in the circuit court on October 10, 1936, the plaintiff giving the statutory bond required to have the property seized, and, having made affidavit as required by law, a writ of seizure of the property was issued by the clerk. The defendant upon seizure of the property by the sheriff executed a replevy bond within the time required by law and took possession of the property. Jury trial having been waived, the cause was tried before the court without a jury on the plea of the general issue in short by consent, with leave to give in evidence any matter as if the same had been specially pleaded.

The first count of the complaint claimed: One Ford coach automobile, motor No. 18750546, serial No. 1572747, 1934 model. The second count of the complaint claimed: One Ford coach automobile, manufacturer's serial No. 1572747, frame No. and/or chassis No. 950546, 1934 model.

The suit was for only one automobile, but, some confusion having arisen in the testimony as to the numbering, count 2 was added by amendment to meet either phase of the testimony.

On the conclusion of the trial, the court rendered judgment in favor of the plaintiff for the property sued for, or its alternate value, fixed by the court at $250 besides cost, etc.

All of the evidence in the case tended to show that the property sued for and the property for which the judgment was rendered was one and the same, but with variations as to some specific numbers appearing on the motor, which numbers seemed to have been changed or obliterated while the property was in the possession of the defendant.

The final judgment of the court was rendered on February 27, 1937, and on March 30, 1937, the property not having been delivered in accordance with the terms of the replevy bond, the sheriff endorsed the replevy bond, as forfeited, under and pursuant to section 7394 of the Code of 1923, which thereby became the judgment against the defendant and the sureties on his replevy bond for the amount of $250 and the cost.

The appeal from the original judgment was taken by the defendant on April 10,

1937, after the replevy bond had been forfeited, as hereinabove indicated.

On the trial, the plaintiff claimed title and right of possession of the property by reason of a contract of conditional sale entered into between the plaintiff and one R. O. Keeffe, which contract provided, among other things, for the payment to the plaintiff of so much cash and $341.12 in deferred monthly payments, covering a period of sixteen months, retaining the title to the automobile in plaintiff until paid in full and providing that upon default of any payment the whole amount would become due and that plaintiff might recover possession of the property.

The contract of sale consisted of two papers. The first of which was the promise to pay with a retention of title in the seller, which obligation was signed by both R. O. Keeffe, as purchaser and H. L. Mullins, as dealer. Following the signatures, above, was this assignment:

"I, we, acknowledge that the contract referred to on the reverse side hereof has been assigned by me, us, to C. I. T. Corporation.

"Dated this ——— day of ——— 19—, at ——————
(Dealer's Town)
"[Signed]  Mullins Auto Co.
(Dealer)
"By H. L. Mullins
(Officer, Firm Member or Owner)"

The above paper together with the endorsement was recorded in the office of the judge of probate in Covington county on the 10th day of October, 1936.

The defendant objected to the introduction of the two papers referred to, on the grounds that they were illegal, irrelevant, and immaterial, which objections were overruled and exceptions were reserved. There was no evidence that the contract had been delivered to the C. I. T. Corporation, or that it had ever left the possession of the plaintiff other than the certificate of the probate judge that the same had been recorded in his office.

The evidence in this case is, without dispute, that at the time of the bringing of this suit the obligation of Keeffe was in default; and that, as between Keeffe and the holder of the title under the contract, the title holder could recover possession. And, if the plaintiff was the owner of the contract at the time the suit was brought, he would be entitled to recover as against Keeffe.

■ It appears from the evidence that at the time suit was filed, and prior thereto, the defendant had possession of the car in question; it having been delivered by Keeffe to the defendant without the knowledge or consent of the plaintiff for the purpose of having it repaired; that the defendant did make necessary repairs to the car, by the installation of a new motor, putting in a cylinder head, etc., for which there was a charge, not denied to be reasonable, of $72.75, which amount was for material furnished and work and labor done. All of which work and labor were furnished prior to the bringing of this suit; it being the contention of the defendant that by virtue of the work and material furnished he had a lien upon the automobile for necessary repairs so long as the automobile remained in his possession, even if against the holder of the retention title note. There is some testimony tending to prove that after the repairs were made on the car by the defendant that Keeffe regained possession of the car from the defendant; that he carried it home, where he kept it overnight, and the next morning he brought it back to the defendant, turning it over to them, and declined to pay further for the repairs. The testimony for the defendant tends to prove that after repairing the car and furnishing the material they retained possession of it until it was seized under the writ issued in this case. This was a question of fact for the court to determine.

■ The insistence of the defendant that there is a variance between the allegata and the probata is without merit. The suit was for but one automobile. It was described in both counts of the complaint with a slight variation as to some numbers appearing on the motor. The description would have been sufficient without any of the numbers. The question before the court, and to be decided by it, was as to whether or not the automobile sued for and described in either count of the complaint was the automobile described in the contract of conditional sale between the plaintiff and Keeffe. The fact that in the descriptions in the two counts of the complaint there appeared to be a difference in the serial number of the motor is not such variance as will constitute reversible error. White et al. v. Morring, 19 Ala.App. 69, 95 So. 494.

The cases of the United States Health & Accident Ins. Co. v. Savage, 185 Ala. 232,

64 So. 340, and New York Life Ins. Co. v. McPherson, 137 Ala. 116, 33 So. 825, are not in point. In the first of these cases, the ruling dealt with the contract itself which was the basis of the suit, and, in the second case, the note introduced in evidence was a negotiable instrument payable at a different place from the place named in the plea.

■ The proof of the serial number of the motor to the automobile was not essential to the claim of plaintiff, as was the case in Central of Georgia R. Co. v. Isbell, 198 Ala. 469, 73 So. 648. The question here is not any marking which might be on the motor, but is whether or not the automobile, admittedly in the possession of the defendant, is the identical automobile sold by the plaintiff to Keeffe and included in the conditional contract of sale. The description of the property sued for being sufficient in the complaint, and the evidence being such as to convince the court sitting without a jury that the property seized is the identical property described in the complaint, there is no such variance as would entitle the defendant to a judgment.

■ Moreover, there were two counts to the complaint both claiming the same automobile, and each setting up a different serial number. There had been some confusion as to the correct serial number, and the second count was added to meet that phase of the evidence. The testimony in the case showed, conclusively, that only one automobile was claimed, and it was not necessary to have set out the serial number in either of the counts. However, the judgment of the court was general, and found for the plaintiff for the property sued for. This judgment was referable to either of the counts. Bessemer Liquor Co. v. Tillman, 139 Ala. 462, 36 So. 40; Morgan v. Embry, 17 Ala.App. 276, 85 So. 580.

It is insisted by appellant that the plaintiff is not entitled to recover, by reason of the fact that there appeared on the contract the following: "We acknowledge that the contract referred to on the reverse side hereof has been assigned by us to C. I. T. Corporation." And prior to the bringing of this suit, the contract together with the foregoing purported assignment was filed for record in the office of the judge of probate of Covington county.

The evidence for the plaintiff tends to prove that while the purported assignment was filed by the plaintiff and the paper, or instrument, was filed for record, that in fact no assignment ever took place; that the plaintiff retained the instrument and its possession; that at all times it controlled the instrument, made collections thereon, and there was no evidence tending to show that C. I. T. Corporation ever controlled or claimed any interest in the contract.

■ While the filing of the contract with the probate judge was evidence tending to prove a transfer, and without more would have been sufficient evidence of delivery, that fact alone was not conclusive. Under the facts in this case it was a question for the court to determine whether or not the plaintiff was, at the time of the filing of this suit, and at the time of the trial, the owner.

■ The general rule is that, in order to work an assignment of a chose in action, or contract, such as we have in this case, there must be an absolute appropriation by the assignor of the debt or fund sought to be assigned to the use of the assignee. The intention of the assignor must be to transfer a present interest in the debt or fund, the subject matter of the contract. If this is done, the transaction is an assignment; otherwise not. It is further held that what amounts to a present appropriation, which constitutes an assignment, is a question of intention to be gathered from all the language, construed in the light of attendant circumstances. Where the transaction is evidenced by a written agreement or stipulation in writing, it depends upon the intention of the parties as manifested in the writing, and construed in the light of such extrinsic circumstances as, under the general rules of law, are admissible in aid of the interpretation of written instrument. 5 Corpus Juris 909 (78).

■ There is no evidence in this case of an acceptance of the assignment by the C. I. T. Corporation, and all of the testimony tends to prove that the plaintiff never intended to make such assignment.

The case of Tennessee Coal, Iron & R. Co. v. Wheeler, 125 Ala. 538, 28 So. 38, merely recognizes the rule that the testimony of the filing of a deed for record was sufficient evidence of delivery, but that opinion does not preclude other evidence of intention.

The case of Lewis, Adm'r, v. Watson, 98 Ala. 479, 13 So. 570, 572, 22 L.R.A. 297, 39 Am.St.Rep. 82, cited as authority by Mr. Justice Haralson in Tennessee Coal, Iron & R. Co. v. Wheeler, supra, recognizes the rule we have announced in the instant case. In that case Mr. Justice McClellan uses this expression: "As we have seen, Fletcher, the probate judge, took the deed, after it was signed and acknowledged, for the purpose of recording it in his office. This, nothing appearing to the contrary, may well be considered as a delivery to him by the grantor for that purpose; and, so considered, 'there being no evidence to weaken the force of these facts,' this constituted sufficient proof of delivery to the grantee." In this case, under the facts, it was a question for the trial judge to pass upon the question of an efficacious delivery and acceptance of the assignment.

We, of course, recognize the rule that to maintain detinue the plaintiff must at the commencement of the action have a general or special property in the goods sought to be recovered, and must be entitled to the immediate possession. The case of Minge v. Clark et al., 193 Ala. 447, 69 So. 421, cited by appellant, in his brief, sustains this holding. But in the instant case, if the plaintiff was the owner of the contract or sale and the defendant was in default in the payments of the installments, the plaintiff had a general or special property in the automobile and was entitled to its immediate possession. These were facts to be found from the evidence by the trial judge.

It is also contended by the appellant that the plaintiff should fail in his suit, by reason of the fact that the rights of the defendant accrued prior to the filing of the contract for record under Section 6898 of the Code of 1923. To be protected by this section, the defendant must have been a purchaser for a valuable consideration, a mortgagee, a landlord with liens, or a judgment creditor without notice thereof. This also, under the facts, was a question for the court sitting as a jury. There is no claim that defendant was either a mortgagee, landlord, or judgment creditor. There is some slight testimony that defendant became the purchaser, but this was denied, and, under the facts, the court further found against this contention, and, the facts being in conflict, we do not feel authorized to disturb the finding of the court.

The common-law lien giving the defendant the right to retain the property until the amount of material and repairs was paid for was waived or lost by a release of the property without enforcement. There was evidence tending to prove that, after the repairs had been made, the automobile was turned over to Keeffe, and he took it away from the possession of the defendant, thus extending a credit to Keeffe and waiving the lien. Alexander v. Mobile Auto Company, 200 Ala. 586, 76 So. 944; Tallassee Motor Company v. Gilliland Bros., 22 Ala.App. 21, 112 So. 758.

The foregoing opinion responds to the contentions made by the appellant in his brief. All other exceptions and assignments of error, not having been treated by the appellant in his brief, are waived.

We find no error in the record, and the judgment is affirmed.

Affirmed.