189 So. 746

### WALKER et al. v. HARRIS.

### 6 Div. 470.

Supreme Court of Alabama.

May 18, 1939.

Rehearing Denied June 22, 1939.

Hiram Dodd, of Birmingham, for appellants.

Clark & Trawick, of Birmingham, for appellee.

[2] 237 Ala. 262.

GARDNER, Justice.

Following affirmance here of the decree sustaining demurrer to the bill (Walker v. Harris, 235 Ala. 384, 179 So. 213), complainants filed an amendment, and from the decree sustaining demurrer to the bill as amended complainants prosecute this appeal.

The language of the amendment indicates that it is intended to contain complainants' entire case, but further averments raise some doubt in that regard, and the chancellor was justified in his uncertainty as to whether or not some of the averments of the original bill are to be considered as a part of the amended bill.

■ "It is a cardinal rule of equity pleading under the statute, as it was prior to its enactment, that the bill must show by direct and positive averments, with clearness and accuracy, all matters essential to complainant's right to relief; they must not be made to depend upon inference, nor will averments of them which are ambiguous, uncertain and inconclusive, be accepted as sufficient." Seals v. Robinson, 75 Ala. 363.

■ "A bill in equity should show with certainty and clearness that the plaintiff has a right that warrants protection, and the defendant must be distinctly informed of the nature of the case which he is called upon to defend." Frederick v. Hartley, 202 Ala. 43, 79 So. 381, 383; 8 Ala.Dig. p. 467, Equity, ⚌133.

■ The bill as amended no longer seeks a cancellation of the contract made exhibit thereto, but indicates a deed was executed to the Protective Industrial Insurance Company, as its terms indicate would be done. It is not alleged that the deed was not so executed. But it is stated complainants deny that "said deed was legally executed by them." What is meant is left to conjecture.

Complainants appear to studiously avoid stating the facts. They should be very simply averred. Certainly averments with a hidden meaning fall far short of meeting the requirements of good pleading. There is a prayer that defendant be held to have no title, and then a concluding prayer that it be held defendant has only a mortgage and complainants allowed to pay the same.

■ "At common law, a deed of conveyance of land absolute and unconditional upon its face, but intended and understood by the parties to be merely a security for the payments of a debt, will be treated and regarded in equity as a mortgage conferring upon the parties the relative rights and remedies of mortgagor and mortgagee, and nothing more. This rule prevails in this jurisdiction." Richardson v. Curlee, 229 Ala. 505, 158 So. 189, 191.

■ "An absolute deed may operate as a mortgage if the parties thereto so intended, and such intent may rest in parol or may be indicated by a separate writing." Harrison v. Maury, 157 Ala. 227, 47 So. 724; 14 Ala.Dig. p. 634, Mortgages, ⚌32 (2).

Perhaps this is the equity complainants intended to bring forward by the amended bill, but, if so, the averments do not suffice for that purpose. Perhaps also complainants intended to aver facts sufficient to indicate that defendant Harris purchased the property from the Protective Industrial Insurance Company, with notice of such facts as to prevent her from being an innocent purchaser, and protected as such. If so, the present averments do not meet that end.

We have said much that was really unnecessary so far as the disposition of the case here was concerned, with the hope that if in fact complainants have equitable rights to protect, they may properly aver the facts and state their case that issue may be formed and the litigation reach a conclusion.

The decree is free from error, and it is accordingly here affirmed.

Affirmed.

ANDERSON, C. J., and BOULDIN and FOSTER, JJ., concur.