7 So.2d 858

### VICKERS v. McNEAL.

### 4 Div. 240.

Supreme Court of Alabama.

April 9, 1942.

Rehearing Denied May 14, 1942.

W. Perry Calhoun, of Dothan, for appellant.

L. A. Farmer, of Dothan, for appellee.

THOMAS, Justice.

The bill was filed for the purpose of declaring a deed a mortgage. In substance the bill of complaint alleges that on the 5th day of November, 1938, the complainant, I. G. McNeal, borrowed from C. W. Vickers the sum of $587.14 and to secure the payment thereof he conveyed to the said C. W. Vickers by deed absolute on its face the real estate described therein, a copy of the deed being attached to the bill as Exhibit A.

It was alleged that it was the intention of both complainant and the said C. W. Vickers "that the said deed should operate as a mortgage and that the same was given to secure the debt hereinbefore mentioned." It was further alleged that on February 20, 1940, C. W. Vickers went into pos-

session of the land and had remained in possession since that time; that a reasonable rental value of the land was $250 per year, and that C. W. Vickers, having been in possession of the land as mortgagee, should be made to account to complainant for the reasonable rental of said land.

It was further alleged that since the execution of the deed, C. W. Vickers had paid certain installments on a mortgage debt that was due by the complainant to the Federal Land Bank of New Orleans and in addition to the sum of $587.14 borrowed by complainant from C. W. Vickers, he is due the said Vickers the amounts he has paid to said Federal Land Bank of New Orleans since the execution of the said deed.

The complainant submits himself to the jurisdiction of the court, offers to do equity and to pay any sums that may be found to be due.

The prayer of the bill of complaint is that the said deed be declared to be a mortgage, and that the complainant be allowed to redeem from under same.

The respondent C. W. Vickers answered the bill of complaint denying that the complainant borrowed $587.14 from him as alleged in said bill of complaint, admitting the execution of the warranty deed, but denying that it was the intention of the parties that said deed should operate as a mortgage. The respondent further alleges in his answer that the said deed was to operate as a conveyance of the property and that as purchase price for the said property the respondent was to and did pay certain amounts which were owing by I. G. McNeal to T. Mixon, Jr., S. J. Hall and the First National Bank of Dothan, and to assume the mortgage debt of I. G. McNeal to the Federal Land Bank of New Orleans.

The respondent further alleges that the deed was executed in consideration of $1,600, which was the payment of the amount due to Mixon, Hall, First National Bank of Dothan, and the mortgage to the Federal Land Bank of New Orleans.

The lower court rendered a decree in favor of the complainant, adjudging that the said deed was intended to operate as a mortgage; that the complainant was entitled to redeem therefrom, and fixing the amount to be paid by complainant in order to redeem therefrom. From this decree the respondent C. W. Vickers has appealed to this court and assigns as error the rendition of said decrees.

 An absolute deed may operate as a mortgage if the parties thereto so intend and such intent may rest in parol or may be indicated by a separate writing. Complainant in his action to declare an absolute deed a mortgage had the burden of proving that the deed was so intended by clear and convincing evidence. Harrison v. Maury, 157 Ala. 227, 47 So. 724; Walker v. Harris, 238 Ala. 176, 189 So. 746.

The testimony was given ore tenus before the trial court and the decree is supported by the inferences that obtain. Hodge v. Joy, 207 Ala. 198, 92 So. 171; Andrews v. Grey, 199 Ala. 152, 74 So. 62; McKinney v. Weatherford et al., ante, p. 493, 7 So.2d 259.

We have examined the record and are of opinion that no good purpose will be gained by a recordation of the evidence. Code 1940, Tit. 13, § 66; Barley v. Wright, 233 Ala. 283, 171 So. 247; Davis v. Davis, 241 Ala. 385, 2 So.2d 780; First National Bank of Opp v. Wise, 241 Ala. 481, 3 So.2d 68; Williams v. Dent, 233 Ala. 109, 170 So. 202. It is sufficient to say that the decrees of the circuit court are well considered and supported by the evidence. Being free from error, the decrees should be, and are, affirmed.

Affirmed.

GARDNER, C. J., BROWN, and FOSTER, JJ., concur.