17 So.2d 765

### McGOUGH v. McGOUGH.

### 6 Div. 185.

Supreme Court of Alabama.

Jan. 13, 1944.

Rehearing Denied May 18, 1944.

Pennington & Tweedy, of Jasper, for appellant.

Curtis & Maddox, of Jasper, for appellee.

**THOMAS, Justice.**

The suit was for injunction to enjoin the appellant from obstructing a road. The decree was in favor of complainant, appellee here, hence the appeal.

This court has frequently declared that the dedication of a road or street will be presumed when it appears that the public has used it uninterruptedly for twenty years without objection from the owner. Locklin v. Tucker, 208 Ala. 155, 93 So. 896; Central of Georgia Ry. Co. v. Faulkner, 217 Ala. 82, 84, 114 So. 686; Still v. Lovelady, 218 Ala. 19, 20, 117 So. 481; Ritter v. Hewitt, 236 Ala. 205, 208, 181 So. 289; Birmingham Trust & Savings Co. v. Mason, 222 Ala. 38, 40, 130 So. 559; Rosser v. Bunn, 66 Ala. 89.

The charcter of a road or highway is judged by the terms of its dedication, time of use and nature of the needs of those who use it, looking to its length and breadth. So the chancellor considered the road in question and judged its public character, considering it as a way of travel between two public roads, not alone the traffic.

The record contains much evidence supporting the respective contentions of the parties. It has been carefully considered. It would serve no good purpose to recite the same. Davis v. Davis, 241 Ala. 385, 2 So.2d 780; First Nat'l Bank of Opp v. Wise, 241 Ala. 481, 3 So.2d 68; James v. James, 242 Ala. 140, 5 So.2d 616; Vickers v. McNeal, 242 Ala. 652, 7 So.2d 858; Wilson v. State, 243 Ala. 1, 8 So.2d 422.

The road in question is so situated physically that the general public has continuously used it in going from one highway leading from Carbon Hill to Nauvoo to reach another highway leading out from Nauvoo for more than twenty years. The distance between the two roads is about four miles and there is no other way con-

veniently located for people to traverse this territory.

The County Commission passed a resolution making snch roads public. This use for more than twenty years and the resolution of the county authorities established the fact that the road was a public road under the uniform construction of this court. And the fact of intervening conditions compelling a change at the south end of the road of about a mile has not divested the highway of its public character and use.

There is evidence to the effect that for thirty years the road in question had been used by the public; that the big bridge was constructed and the road repaired by appellee and Oscar and Mack McGough to the washer, and the public road to the south; that this was all on the lands of the Alabama By-Products Corporation, lessors of the parties to this suit; and this use and improvement was with the knowledge and consent of the owners of the fee. There is no controversy here between the parties to this suit and the owners of the fee. The appellee testified that other parties joined in the building and repairing of the road in question in addition to the McGoughs, who are named as "Claude Price and George Beasley."

Under the facts in this case, the burden of proof was on appellant to show that the road he obstructed was his private property and roadway, and not a public road. This burden has not been discharged, and it follows that the decrees of the circuit court, sitting in equity, are free from error, and are affirmed.

Affirmed.

GARDNER, C. J., and BROWN and LIVINGSTON, JJ., concur.