60 So.2d 332

## CARLISLE v. BLACKMON et ux.

### I Div. 493.

Supreme Court of Alabama.

Aug. 27, 1952.

600

D. P. Moore, Mobile, for appellant.

Jos. C. Sullivan and Jack W. Sprinkle, Mobile, for appellees.

LAWSON, Justice.

This is a bill in equity by Mattie E. Carlisle against G. F. Blackmon and wife, seeking to have a deed declared to be a mortgage and to be allowed to redeem the land in an exercise of the equity of redemption.

The trial court decreed the instrument to be a deed and not a mortgage. From that decree the complainant has appealed to this court.

■ Where, as here, the controversy is whether the parties contemplated an unconditional sale or a mortgage, the seller must show by clear, consistent and convincing evidence that it was intended by both parties that the conveyance should operate as a mortgage. Lindsey v. Hamlet, 235 Ala. 335, 179 So. 234; Vickers v. McNeal, 242 Ala. 652, 7 So.2d 858; Holman v. Hall, 248 Ala. 541, 28 So.2d 629.

We have examined the record with much care and are of the opinion that no good purpose will be gained by a recitation of the evidence. Vickers v. McNeal, supra.

■ The testimony was given ore tenus before the trial court and, hence, its conclusion on the facts will not be disturbed here unless palpably wrong. Aiken v. Barnes, 247 Ala. 657, 25 So.2d 849.

■ The only question presented for the trial court's consideration was one of fact. We are frank to admit that we are not greatly impressed with the respondents' version of the transaction between the parties; yet, they have an absolute conveyance and, as shown above, the burden was upon the complainant to show by clear, consistent and convincing evidence that she

and the respondents intended that the conveyance should operate as a mortgage. Under the evidence as presented in the record, we cannot say that the decree of the trial court finding, in effect, that complainant failed to meet that burden is palpably wrong. Aside from the direct conflict between the evidence presented by the opposing parties on material issues, the inconsistencies and conflicts in the testimony of several of the witnesses called on behalf of complainant lend support to the conclusion reached by the trial court. Trial court who saw and observed the witnesses was in a much better position to resolve the factual questions than this court.

The decree is affirmed.

Affirmed.

FOSTER, SIMPSON, and STAKELY, JJ., concur.