47 So.2d 188

**SPILLER v. SLAYTON.**

**6 Div. 939.**

Supreme Court of Alabama.

June 22, 1950.

Davis & Zeanah, of Tuscaloosa, for appellant.

Partlow & Roberts, of Tuscaloosa, for appellee.

FOSTER, Justice.

This cause comes here on appeal from a final decree in equity, in which the court cancelled a note which had been executed by appellee to appellant for the sum of $3,480.

The bill contained several alternative aspects for relief. One was for a reformation of the note, and the other was for a cancellation of the note because it was usurious and had been fully paid. It also sought a declaration of the rights of complainant and respondent under the note. There was a demurrer to the bill which was overruled. The decree doing so is assigned as one of the errors. The brief of counsel for appellant does not argue that the bill is without equity. But we are confronted with the question of whether the bill has equity.

Prior to the transaction in which the note was given, respondent and one Estes were partners doing business in Tuscaloosa as University Cleaners. They could not agree. Complainant wanted to go in business there, and negotiated for the purchase of Estes' interest with the approval of respondent. The consideration agreed upon was $7,480. Complainant had $4,000 in cash, but needed $3,480 to complete the transaction. He and respondent agreed that upon completing the deal they would

form a partnership to continue the business as equal partners. The two of them arranged a loan from a bank to the partnership for $9,000 on a note signed by the partnership and the complainant and respondent, individually. Under the agreement $3,480 of the amount would go to Estes in payment of the balance of the purchase money on the sale of his interest to complainant and the balance would be used in paying certain debts of the former partnership. The amount of the loan was credited by the bank to the partnership less $3,480, which was credited by the bank to Estes and at that time Estes delivered to complainant a conveyance of his interest in the business. As a part of the same transaction, the complainant executed a note to the respondent (not to the partnership) for the sum of $3,480, to which we have heretofore referred. The date of the note given to the bank was June 7, 1946. The note from complainant to respondent bore the same date. The certificate of deposit, above referred to, bore the date of June 8, 1946. As a part of that transaction, there was a partnership agreement entered into, and later put in writing, between the complainant and respondent, which was dated June 13, 1946. That partnership agreement referred to the fact that the partners had jointly borrowed $9,000 from the bank to be paid by the partnership in installments of $150 per month, plus interest at the rate of four percent. It further stated that out of the above amount certain indebtednesses of the partnership had been paid in full and that the sum of $3,480 would be paid to Estes as a part payment by complainant for the interest of Estes in said business which he purchased, and then it stipulated that the complainant assumes and agrees to pay to the respondent $3,480 with interest at the rate of four percent in monthly installments of $58 per month, plus interest on the unpaid balance. The new partnership was conducted under the same name as University Cleaners by the complainant and respondent for a period of approximately two years. During that time complainant kept the books of the company. They did not reflect a loan by the partnership to complainant nor the transaction of $3,480 in any respect, but complainant continued to pay to respondent the sum of $58 per month with interest until they found, after continuing for about two years, that their relations were unpleasant and a discontinuance of them was desirable.

It was then insisted by the complainant that the note called for more than the respondent was due to receive from him by reason of said transaction, for complainant insisted that he was only due to pay the respondent the principal sum of one-half of the amount of said note. They reached no agreement with respect to the matter and the respondent sold his interest in the partnership to another, and a new partnership continued with complainant and the purchaser of the respondent's interest.

The partnership has continued to make payments to the bank on the $9,000 loan and the respondent has not been called upon to make any part of said payments. It seems to have been fully paid.

The general rule is that a court of equity will not take jurisdiction to cancel a note or contract when there is adequate remedy at law. There are instances in which such relief may be granted when the remedy at law is inadequate (National Life & Accident Ins. Co. v. Propst, 219 Ala. 437, 122 So. 656; Citizens Ins. Co. v. Mathis, 233 Ala. 146, 170 So. 481; All States Life Ins. Co. v. Jaudon, 230 Ala. 593, 162 So. 668; Randolph v. Randolph, 245 Ala. 689, 18 So.2d 555; Mutual Life Ins. Co. of New York v. Brunson, 246 Ala. 233, 20 So.2d 214), and sometimes will enjoin negotiation of a negotiable note and cancel same: but not because of usury. McCormick v. Fallier, 223 Ala. 80, 134 So. 471.

But whether the remedy at law is adequate does not go to the jurisdiction of equity, but to the need and propriety of equitable relief. Mutual Life Ins. Co. of New York v. Brunson, supra. The respondent may consent to an exercise of the remedy of cancellation in equity, though

690

there may be an adequate remedy at law. Randolph v. Randolph, supra.

■ Since appellant is not here insisting that the bill is without equity or that the court did not need to exercise the power of cancellation, or that its exercise was not proper on account of the adequacy of legal remedies, we will not consider that question. So that, we will go to the merits of the contention and controversy between the parties.

The complainant filed this bill in equity alleging that he had paid the full amount he was due to pay under said contract, except the sum of $522, which he offered to pay so as to make the full payment of $1,740, which is one-half of said note.

The evidence shows that the balance of said $1,740, with interest, was paid to respondent on or about the time he sold his interest in the partnership. It will be noted there is now no partnership between complainant and respondent which remains to be settled.

The bill, as we have stated, sought to reform the note and partnership agreement so that it would be payable to the partnership, or, in the alternative, it is alleged that one-half of said note was usurious interest and that complainant has paid the full amount due upon the note less the said usurious interest, and sought the cancellation of it on that account.

The respondent, who is appellant here, contends in his brief that no loan was made by him to the complainant, but "a loan was made to the complainant by the First National Bank of Tuscaloosa, the liability for which the respondent assumed. There is no particle of evidence indicating that it was the intention of either party for the loan to be a personal loan of money from the respondent to the complainant. The only basis for the loan was for the sole personal use of the complainant. Except for that portion of the loan used in the business, the respondent derived absolutely no benefit from the loan; yet he assumed what can be legally considered complete liability for the loan." It seems to be upon the basis of such contention that re-

spondent claims the full amount of the note and that there was adequate consideration for the same, and testified that it was a premium to compensate him for signing the note to the bank for $9,000.

He did not testify that there was such an agreement, but claims that such was the true nature of the transaction. We cannot agree that such was its substance or effect, and certainly not the terms of the agreement.

■ We think a proper analysis of the transaction is that the partnership, having obtained the loan for $9,000 from the bank, permitted complainant with respondent's consent to withdraw from its assets $3,480 to pay Estes. It then ceased to be a partnership transaction, but it became a personal one between them. In doing so, they failed to give effect to the fact that complainant, having a half interest in the partnership, had in equity a half interest in this asset of the partnership, and that in withdrawing it from the partnership business it was erroneously treated as though respondent was the full owner of the amount so advanced by the partnership. So that to the extent that the amount of the note exceeded the half equitable interest which respondent had in the amount of the advance to complainant it was without consideration. There is no evidence that the parties intended to make a note for double the liability by way of usury, or as compensation for a loan. There was no loan by respondent to complainant. There was no agreement to pay interest on a loan. We think that the transaction shows a withdrawal of it as a partnership asset. It was not reflected in the partnership books. But the partnership has continued to pay the debt to the bank, including the $3,480. It was simply taking an asset of the partnership and giving it to complainant. Of course they could by agreement do that, but it would naturally call for proper reimbursement to the other partner. That is apparently what the note was for.

Respondent denies that such was the substance of the transaction, but, as we have stated, contends that it was to com-

pensate him for incurring liability to the bank for the said sum of $3,480. We cannot accept that as the correct theory of the transaction. There was no such agreement.

It is not necessary to reform a promissory note so as to make it express the true amount of the liability when the suit is between the maker and payee. In such a suit the true amount of the debt for which the note was given may be shown by parol evidence. Jackson v. Sample, 234 Ala. 75, 173 So. 510.

The decree of the court is well supported by the law and evidence taken ore tenus.

Affirmed.

BROWN, LAWSON and STAKELY, JJ., concur.