81 So.2d 614

**Lucile WILFE**

v.

**J. B. WALLER et al.**

**5 Div. 618.**

Supreme Court of Alabama.

June 30, 1955.

C. S. Moon, LaFayette and Burns & Burns, Wedowee, for appellant.

D. T. Ware, Roanoke, for appellee.

LAWSON, Justice.

Appellees filed their bill in the circuit court of Randolph County, in equity, on July 29, 1952, praying that two certain deeds purporting to have been signed by them and their mother be cancelled on the ground that the signatures thereon were forgeries.

The deeds were dated March 15, 1949. They were not recorded until January 17, 1952, after the mother had died. One of the deeds recited a consideration of $3,000; the other $12,500.

All of the property described in the two instruments here under attack had belonged to the father of complainants, who died intestate while complainants were small children. There was no administration upon the father's estate. Complainants were his only heirs at law and upon his death intestate, title to the suit property went to complainants, subject to the widow's homestead and dower rights, with which we are not here concerned. Complainants had reached their majority prior to March 15, 1949, the date appearing on the two deeds.

Complainants alleged and testified that they did not execute the deeds and knew nothing of their existence until after they had been recorded; that they did not re- ceive any part of the consideration recited in the deeds.

Appellant, respondent below, filed an answer denying the material allegations of the complaint.

At the trial the evidence was heard ore tenus. Respondent in her testimony stated that the deeds were given as security for a $15,500 note executed by the complainants and their mother at the same time as the deeds were executed for a debt which their mother owed. Respondent's attorney then amended the answer to include a cross bill asking "that the purported deed set forth in the original bill of complaint * * * for a consideration of $15,500 be declared a mortgage."

Upon original submission for final decree, the trial court rendered a decree declining to pass upon the authenticity of the signatures which appeared on the deeds, but stating that if the deeds were properly executed they were "wholly without consideration, and that absolutely no consideration moved or passed from the grantee in said deeds to the complainants in said cause," and finding "that the respondent has failed to meet the burden of proof in so far as the matter of declaring the two deeds a mortgage * * * is concerned." The trial court in its decree then ordered the two deeds cancelled.

From that decree the respondent appealed to this court. We reversed. Wilfe v. Waller, 261 Ala. 436, 74 So.2d 451. We held that the decree cancelling the deeds could not be supported on the ground that the deeds were wholly without consideration because no consideration moved from the grantee to the grantors or on the ground that the respondent-cross-complainant failed to prove her cross bill.

We observed in the opinion that the trial court had failed "to respond to the real issue in the case or to treat the evidence bearing thereon, viz., were the deeds in fact forgeries and, therefore, whether under the evidence the complainants were entitled to have them cancelled." The cause was remanded so that the trial court could pass on that issue.

After remandment the respondent dismissed her cross bill and the cause was submitted for final decree on the testimony which had originally been taken before the trial court. The trial court rendered a final decree wherein it was held that the signatures appearing on the two deeds in question were not those of the complainants and ordered that the deeds be cancelled and held for naught. From that decree the respondent below has appealed to this court.

█ The jurisdiction of a court of equity to cancel the deeds is not questioned. See Newman v. Borden, 239 Ala. 387, 194 So. 836; Spiller v. Slayton, 253 Ala. 687, 47 So.2d 188. In brief filed here on behalf of appellant, it is asserted that the only question presented on this appeal is the correctness of the finding of the trial court that the signatures on the instrument purporting to be those of complainants are forgeries.

█ As heretofore indicated, the testimony of the witnesses was taken orally before the trial court and hence the trial court's conclusion on the facts will not be disturbed unless palpably wrong. Carlisle v. Blackmon, 257 Ala. 599, 60 So.2d 332. We will not undertake to set out here the evidence in detail. The exhibits which were introduced in evidence have been certified here and have been carefully examined. We are certainly in no better position to pass on the genuineness of the signatures than was the trial court from an examination of these instruments. The only expert witness who testified in the cause expressed the opinion that the signatures of the complainants on the questioned documents were genuine. But, of course, the testimony of an expert is not conclusive on the trier of the facts. The complainants testified positively that they did not sign the deeds involved and there was testimony to the effect that their signatures were not affixed to the deeds. The conduct and demeanor of the complainants and their witnesses, as well as that of the respondent and her witnesses, were apparent to the trial court and hence it was in a

much better position to resolve the factual questions than is this court. Under the evidence as presented in the record, we cannot say that the decree of the trial court is palpably wrong.

The decree is affirmed.

Affirmed.

LIVINGSTON, C. J., and STAKELY and MERRILL, JJ., concur.