173 So.2d 787

### ALABAMA FARM BUREAU MUTUAL CASUALTY INSURANCE COMPANY

v.

Eugenia WOOD, Admrx., et al.

6 Div. 151.

Supreme Court of Alabama.

April 8, 1965.

———◇———

Tweedy & Beech and Bevill & Jackson, Jasper, for appellant.

Nolen & Enslen, Fayette, and Fite & Thomas, Hamilton, for appellees.

LAWSON, Justice.

This is an appeal from a final decree in equity granting appellee the relief provided for in § 12, Title 28, Code 1940, as amended, which gives to a plaintiff who has recovered a judgment "for loss or damage on account of bodily injury or death, or for loss or damage to property" a vested interest by way of hypothecation in the amount due an insured by an insurer after the rendition of the judgment against the insured, which statutory right or interest is enforceable only in equity. Macey v. Crum, 249 Ala. 249, 30 So.2d 666; Reed v. Hill, 262 Ala. 662, 80 So.2d 728. Cf. Major v. Standard Accident Ins. Co., 272 Ala. 22, 128 So.2d 105.

Appellee recovered a judgment at law against Bobby Earnest Mills in the amount of $40,000 for the death of her intestate, which resulted from injuries sustained while riding in an automobile driven by Bobby Earnest Mills but owned by his father, Olen Mills.

Having failed to attain satisfaction of the judgment against Bobby Earnest Mills within thirty days after its rendition, appellee Eugenia Wood instituted this proceeding against Bobby Earnest Mills and his father, Olen Mills, and the latter's insurance carrier, Alabama Farm Bureau Mutual Casualty Insurance Company, sometimes hereinafter referred to as the insurance company.

A policy of automobile liability insurance issued to Olen Mills by the insurance company covering the automobile involved in the accident was in force and effect at the time of the accident. The policy contained a limitation of liability of $5,000 for the injury or death of one person and it was agreed that the insurance company was not liable for any sum in excess of that amount.

But the insurance company took the position that it was not obligated to pay any amount on the judgment recovered by appellee Eugenia Wood against Bobby Earnest Mills for two reasons. First, the insurance company asserted that the policy issued to Olen Mills covering the automobile involved in the accident contained an endorsement allegedly signed by Olen Mills on April 11, 1961, which provided "that the insurance afforded by this policy shall not apply with respect to any claim arising from any accident which occurs while any automobile is being operated by Bobby Earnest Mills." The accident wherein appellee's intestate received fatal injuries occurred on July 4, 1961. Second, the insurance company denied any liability on the ground that the policy contained provisions to the effect that there was no coverage afforded when the automobile was being driven by any person without Olen Mills' consent and that Bobby Earnest Mills at the time of the accident was driving the automobile without the consent of his father, Olen Mills.

Following a hearing at which the witnesses were examined in the presence of the court, a decree was rendered wherein the "Defendants" were ordered to pay to appellee Eugenia Wood, as administratrix of the estate of Robert L. Wood, deceased, on the judgment which she had recovered against Bobby Earnest Mills, the sum of $5,000 out of the proceeds of policy No. A 13106 issued by the insurance company to Olen Mills.

The insurance company filed what is captioned a "Motion For a New Trial" but which prays for a rehearing, as is proper in equity cases. The motion was denied. The insurance company then sought to appeal to this court from the final decree and from the decree denying the motion for rehearing. The respondents Olen Mills and

Bobby Earnest Mills have not joined in the appeal, although given the notice required by § 804, Title 7, Code 1940.

■ The insurance company has assigned four errors. Assignment of error No. 3, which challenges the action of the trial court in sustaining appellees' objection to the introduction of certain documentary evidence, is not argued and, hence, will not be considered. Romano v. Thrower, 261 Ala. 361, 74 So.2d 235.

■ Assignment of error No. 4 attacks the trial court's action in overruling the application for rehearing. No appeal lies from a decree overruling a motion for rehearing where the original decree is not modified. Whitman v. Whitman, 253 Ala. 643, 46 So.2d 422. See Scott v. Scott, 247 Ala. 266, 24 So.2d 25. Nor is a decree overruling an application for rehearing subject to review by assignments of error made on appeal from the final decree. Whitman v. Whitman, supra.

That leaves for our consideration Assignment of error No. 1, which is to the effect that the trial court erred in rendering a decree in favor of appellee, and Assignment No. 2, which asserts error on the part of the trial court in not rendering a decree in favor of appellant.

The evidence is sufficient to support a finding that at the time of the accident Bobby Earnest Mills was driving Olen Mills' automobile with the latter's consent. The appellant, the insurance company, does not contend otherwise in brief filed here.

There remains for our consideration the sole question as to whether the trial court erred in failing to render a decree in favor of the respondents on the ground that the evidence shows that prior to the accident in question Olen Mills had executed an endorsement to the policy of insurance excluding coverage when the automobile was being operated by his son, Bobby Earnest Mills.

■ This is a question of fact and our review is governed by the rule often announced by this court to the effect that on questions of fact such as the one before us in this case, it is the duty of this court to indulge all reasonable presumptions in favor of the trial court's findings when, as here, the witnesses were examined in the presence of the court. The trial court's findings on the facts will not be disturbed on appeal unless palpably wrong. Hooper v. Fireman's Fund Ins. Co., 272 Ala. 145, 130 So. 2d 3, and cases cited.

The testimony of appellant's witnesses as it relates to the claim that the exclusion endorsement was executed by Olen Mills is substantially as hereafter summarized.

On March 21, 1961, the insurance company mailed a letter to Olen Mills wherein he was advised that his automobile liability policy covering his automobile would be cancelled unless he would sign an endorsement "which excludes coverage while driven by Bobby Earnest Mills." Olen Mills was advised to sign one copy of the endorsement and return it to the insurance company within ten days. He was advised to attach the other copy of the endorsement to his policy. Apparently two endorsement forms accompanied the letter. On April 11, 1961, Olen Mills went to the insurance company's office in Fayette, where he made inquiry of one Joe Wood, an agent of the insurance company as to the meaning of the letter of March 21, 1961, which he had in his possession. Wood advised Olen Mills that unless he signed the exclusion endorsement his insurance would be terminated. Mills had not brought the exclusion endorsement forms with him, so Wood used forms which he had in his office. After they were "typed up" by Wood's secretary, Olen Mills signed exclusion endorsements in Wood's presence, which Wood mailed to the insurance company's home office, along with a memorandum which advised that "Mr. Mills has signed the exclusion for his son, Bobby Earnest Mills." The memorandum and the exclusion endorsements were received in the home office, where they were countersigned. After the endorsements were countersigned,

one was sent to Olen Mills, one to the agent and another to the "county office."

Olen Mills at first testified to the effect that he did not remember going to the insurance company's office on April 11, 1961, or at any other time and signing the exclusion endorsement in question, nor did he remember receiving the letter of March 21, 1961. But he finally testified unequivocally that he never signed "an exclusion on Bobby Earnest" in the office of the agent of the insurance company or anywhere else. When shown the exclusion endorsement on which his name is written and asked whether his signature appeared thereon, he replied: "I just don't know, to tell the truth, I don't. I don't think it is * * * I don't reckon I would say it wasn't, but I don't think it is."

The exclusion endorsement upon which the insurance company relies and instruments which admittedly contain the signature of Olen Mills were introduced in evidence. See § 420, Title 7, Code 1940. But no expert testimony was adduced as to the genuineness of the signature on the exclusion endorsement in question.

The exclusion endorsement and the other written instruments have been certified to this court for our consideration and comparison. We have compared them to the best of our ability, and while the signatures *seem to be very similar in some respects*, we are not sufficiently versed in this field to say that they are the same.

We admit that we have some doubt as to the correctness of the trial court's finding, but we cannot substitute our judgment on the effect of the evidence dealing with the pivotal question of fact for that of the trial court, who saw and heard the witnesses testify, since we are not convinced that the trial court's finding on the facts is *palpably* wrong. Sieben v. Torrey, 252 Ala. 675, 42 So.2d 621; Christian v. Reed, 265 Ala. 533, 92 So.2d 881; Hooper v. Fireman's Fund Ins. Co., supra.

We therefore conclude that the decree here under review is due to be affirmed. It is so ordered.

Affirmed.

LIVINGSTON, C. J., and GOODWYN and COLEMAN, JJ., concur.