239 So.2d 190

William Watson **CARTER**, Jr.

v.

Martha Carter **PACE**, Individually and As Admrx., etc., et al.

8 Div. 243.

Supreme Court of Alabama.

Sept. 10, 1970.

Murray W. Beasley, Tuscumbia, for appellant.

Howell T. Heflin, Gene M. Hamby, Jr., Tuscumbia, for appellees.

LIVINGSTON, Chief Justice.

Appellees brought this action in the Circuit Court of Colbert County, Alabama, in Equity. The Bill of Complaint sought to have' a deed' purportedly executed by William W. Carter to his son, appellant here, dated the 5th day of July, 1951, set aside and held for naught on the grounds that said deed was a forgery. The property, as described in said deed, conveyed some 700 acres of farm land, lying and situated in Colbert County. The deed was filed for record in the probate court on August 15, 1960. This was the same day of the death of the grantor.

The deceased father left a will dated September 15, 1941. The will provided a life estate for the wife of the testator and at her death gave to four children, share and share alike, all of the remainder of his property. The wife, Jennie L. Carter, was appointed as executrix, but she predeceased her husband. One of the sons, John Henry Carter, predeceased his father. He had never married and died intestate. This left the sister, Martha Watson Pace (appellee) and the two brothers, Rodney O. Carter (appellee) and William Watson Carter, Jr., appellant.

Other aspects of the Bill of Complaint dealt with charges that there was a lack of payment of the consideration for the conveyance; also, that the acknowledgment was not signed in the presence of the purported witness or notary.

Demurrers to the bill were overruled and the respondent filed an answer denying the material allegations therein contained.

By stipulation, the deposition of one witness, Mrs. J. J. Challen, was taken on behalf of the complainants. All other testimony was presented in open court.

On April 10, 1962, the trial began and was concluded on April 12, 1962.

A motion to dismiss was filed by respondents on August 28, 1962.

Later, and on July 1, 1966, an agreement to resubmit on proof and pleadings for a final decree by the court was filed.

An order by the court resubmitting the case was entered on July 6, 1966. On the same day, a final decree was filed.

After striking from the record all irrelevant, immaterial, incompetent or illegal testimony, the court overruled respondent's motion to dismiss. The court then held: "* * * that the Complainants are entitled to the relief as prayed for in their bill of complaint, and the Court finds that the signature of William W. Carter to the conveyance (identified as Exhibit 'B' in the bill of complaint) dated July 5, 1951, * * * is not the genuine signature of the said William W. Carter, also known as W. W. Carter, and is a forgery."

The decree ordered the conveyance dated July 5, 1951, and recorded in the office of the Judge of Probate of Colbert County, Alabama, in Deed Volume 250, at pages 380 and 381, to be null and void and "hereby is cancelled."

The decree also awarded the complainant, Martha Carter Pace, as Administratrix, the sum of $1,852.92, which sum represented the rent received from W. A. Waldrop (tenant on said farm) and collected by respondent, together with any other funds collected or received by him from farming operations since August 15, 1960. The decree directed respondent to deliver possession of said farm peacefully and quietly to said administratrix.

This appeal followed after the court had fixed the amount of the supersedeas bond at $10,000.00.

Under appellant's assignment of error, most of the argument necessarily is directed to the finding by the court that the purported signature of the father was a forgery.

The court heard all of the testimony ore tenus, with the exception of the deposition of Mrs. J. J. Challen. The evidence shows several alterations in the disputed conveyance. First, the word "January" had apparently been erased and the word "July" substituted. Also, where the date "1951" appeared, there had been a change from "1953," apparently originally typed. Another apparent change was discovered which revealed that beneath the signature,

"William W. Carter," there had been a previous signature of "W. W. Carter" partially removed by an application of ink eradicator. There was an explanation by Respondent Carter of some of these changes. The court, in the final decree, makes no reference to any alterations.

There was oral testimony of considerable similarity between the handwriting of W. W. Carter, Sr., and W. W. Carter, Jr. Martha Carter Pace testified that her brother Bill could write his father's name where it looked like her father's writing. All of this evidence we feel certain was weighed and considered by the court in reaching the decision that the signature on the deed was a forgery.

The Respondent Carter, called by complainants as a hostile witness, testified that his father signed the deed on July 5, 1951; that it was first signed "W. W. Carter," but later his father had resigned it. Also, that he later used ink eradicator to remove the name "W. W. Carter."

Counsel for appellant argues in brief that on contacting a handwriting expert in Birmingham, he was informed that he had been employed by the other side. He proceeds to draw adverse inferences from the fact that the appellee did not put this expert on as a witness. Appellee, in brief, states: "There is nothing in the testimony whatever that shows there was anything in evidence about a handwriting expert in Birmingham being contacted by appellant's attorney."

Under these circumstances, we cannot consider the argument. "Argument in brief reciting matter not disclosed by the record cannot be considered on appeal." Coleman v. Estes, 281 Ala. 234, 201 So.2d 391.

There were fourteen witnesses called by complainants. Nine exhibits were received in evidence on their behalf. The respondent examined seven witnesses with ten exhibits received. We will not undertake to further set out the evidence in detail. There was one expert witness, but his evidence

and opinions are not conclusive on the trier of facts. Wilfe v. Waller, et al., 263 Ala. 110, 81 So.2d 614.

Four witnesses, all familiar with the handwriting of W. W. Carter, Sr., testified that in their opinion the signature on the disputed deed was not the signature of Mr. W. W. Carter, Sr. This answers the contention of appellant that the testimony was uncontradicted. It appears that many facts are in dispute and there are many contradictions.

■ Here, the conduct and demeanor of all the witnesses were apparent to the trial court and, hence, it was in a much better position to resolve the factual questions than is this Court.

Under the evidence, we cannot say that the decree of the trial court is palpably wrong. Wilfe v. Waller, supra; Carlisle v. Blackmon, 257 Ala. 599, 60 So.2d 332; Alabama Farm Bureau Mutual Casualty Insurance Co. v. Wood, Admrx., et al., 277 Ala. 624, 173 So.2d 787.

The decree is affirmed.

Affirmed.

LAWSON, MERRILL, HARWOOD and MADDOX, JJ., concur.