HELEN PUA IAEA, Plaintiff-Appellee, *v.* WALTER KEALIIAIMOKU IAEA and ETHEL BLANCHE KUHNS IAEA, Defendants-Appellants

NO. 5898

NOVEMBER 13, 1978

RICHARDSON, C.J., KOBAYASHI, OGATA, MENOR AND KIDWELL, JJ.

*Per Curiam.* This is an action to set aside a deed of conveyance. The circuit court entered judgment in favor of the plaintiff and the defendants appeal.

The plaintiff-appellee, Helen Pua Iaea, is the surviving widow of Henry Keano Iaea who died on January 15, 1972. On October 17, 1956, Capital Investment Company conveyed to Henry Keano Iaea and Helen Pua Iaea, husband and wife, as tenants by the entirety, a one-half undivided interest in and to Lot 247, containing an area of 9,750 square feet, situated at Waianae, City and County of Honolulu. By that same instrument, Capital Investment conveyed the other one-half undivided interest to Walter Kealiiaimoku Iaea. This deed was registered with the Land Court as document No. 199355. By deed, dated May 24, 1971, and purportedly executed by both Henry and Helen Iaea, defendants-appellants Walter Kealii-aimoku Iaea and Ethel Blanche Kuhns Iaea assumed ownership of the entire parcel of land. This deed was registered with the Land Court as document No. 539838. It is this document which the plaintiff sought to have set aside. In her complaint, she asserted that she did not sign the deed of May 24, 1971, and that the signature of "Helen Pua Iaea" was a forgery.

Whether or not the signature was a forgery was a question of fact for the trial court to determine, *Carter v. Pace*, 286 Ala. 265, 239 So.2d 190 (1970); *Haffa v. Haffa*, 115 Ill. App.2d 467, 253 N.E.2d 507 (1969); *see Maikainai v. Lalakea*, 25 Haw. 470 (1920); *Kapiolani v. Mahelona*, 9 Haw. 676 (1894), and where the trial court, sitting without a jury, has made a factual determination, its finding of fact will not be set aside unless shown to be clearly erroneous. *Shinn v. Edwin Yee, Ltd.*, 57 Haw. 215, 553 P.2d 733 (1976). In upholding the plaintiff's

claim, the trial court entered the following pertinent findings of fact and conclusions of law:

### FINDINGS OF FACT

5. That there are present and visible penciled tracings over or under the inked signatures of both plaintiff and Henry Keano Iaea on the questioned document, which remain unexplained.

6. That at the time notary public Norman Mau witnessed the signing of the questioned document by plaintiff and Henry Keano Iaea, there were no penciled tracings present thereon.

7. That based upon the comparisons of the known and identified signatures of Henry Keano Iaea and of plaintiff, Henry Keano conclusively was the author of both of the signatures, to wit, "Henry Keano Iaea" and "Helen Pua Iaea," which appear on the questioned document.

### CONCLUSIONS OF LAW

1. That plaintiff HELEN PUA IAEA is not the author of the signature, to wit, "HELEN PUA IAEA," appearing on the questioned document.

\*  \*  \*  \*

3. That Henry Keano Iaea could not, without the consent of his plaintiff spouse, dispose of any part of the real property or any interest therein so as to affect the rights of survivorship in the plaintiff spouse; and that upon his death on January 15, 1971 [sic], plaintiff became the sole owner thereof by reason of survivorship.

Findings of fact numbered five and six appear to be inconsistent with the trial court's subsequent findings and conclusions of law. However, they are not to be viewed in isolation, for findings of fact are to be construed so as to render them complete and internally consistent, thus avoiding a reversal

on purely technical grounds. *Kelly v. Steinberg,* 148 Cal. App.2d 211, 306 P.2d 955 (1957). Further, findings of fact by a trial court will be construed, where reasonably possible, to uphold rather than to defeat its judgment. *Wells Benz, Inc. v. United States,* 333 F.2d 89 (9th Cir. 1964). They are to be construed the same as other written instruments, and the intention of the trial court, which is the determinative factor, is to be gathered from the findings taken as a whole. *Callan v. Callan,* 2 Wash. App. 446, 468 P.2d 456 (1970).

The court's findings and conclusions of law in this case, viewed in their entirety, make it abundantly clear that it found as a fact that the plaintiff did not sign the disputed document and that her alleged signature was a forgery. The trial court expressly found that the plaintiff's husband had signed her name to the document without her consent, and in its judgment expressly decreed the disputed document to be null and void. There was indeed conflicting testimony. Its resolution, however, was exclusively within the province of the trial court. *Shinn v. Edwin Yee, Ltd., supra.*

The circuit court had jurisdiction over the subject matter, despite the fact that it concerned registered land. *See* HRS § 603-21.7(a)(3). *Cf.* HRS §§ 501-151, 501-153, 501-155. However, that portion of the judgment providing that "the Assistant Registrar is hereby directed to expunge said deed from the files and records of the Land Court of Hawaii together with any transfer certificate or certificates of title which may have been issued by the Land Court of Hawaii pursuant to the filing of said Document No. 539838," is unenforceable by the circuit court and is set aside.

In all other respects, the judgment of the circuit court is affirmed.[1]

*Robert K. Fukuda and Helen B. Ryan (Ryan & Ryan)* for defendants-appellants.

*Bernaldo D. Bicoy (Bicoy & Yamane)* for plaintiff-appellee.

---

[1] We find the other contentions of the defendants-appellants to be without merit.