**NOT FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER**

**Electronically Filed
Intermediate Court of Appeals
CAAP-19-0000357
31-MAY-2023
08:48 AM
Dkt. 123 SO**

NOS. CAAP-19-0000357, CAAP-19-0000805, AND CAAP-19-0000806

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

NEWTOWN ESTATES COMMUNITY ASSOCIATION,
BY ITS BOARD OF DIRECTORS,
Plaintiff/Counterclaim-Defendant-Appellee, v.
ANGELA SUE KAAIHUE, Defendant/Counterclaimant-Appellant,
YONG NAM FRYER, Defendant/Counterclaimant-Appellee,
and JOHN DOES 1-50; JANE DOES 1-50; DOE PARTNERSHIPS 1-50;
DOE CORPORATIONS 1-15; DOE GOVERNMENTAL AGENCIES 1-50;
and DOE ENTITIES 1-50, Defendants.

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 1CC13-1-002161)

SUMMARY DISPOSITION ORDER
(By: Leonard, Presiding Judge, Wadsworth and McCullen, JJ.)

Defendant/Counterclaimant-Appellant Angela S. Kaaihue

(**Kaaihue**), self-represented, appeals from the December 4, 2019

Judgment (**Judgment**) entered by the Circuit Court of the First

Circuit (**Circuit Court**).[1]  Kaaihue also challenges the Circuit

---

[1]     The Honorable Jeffrey P. Crabtree presided over the trial in this case.  The Honorable Jeannette H. Castagnetti presided over several of the motions hearings in this case.  The Honorable Gary W.B. Chang presided over the related case filed in the Land Court of the State of Hawaiʻi (**Land Court**), Case No. 1LD-17-1-002541.

Court's October 18, 2019 Order Granting Plaintiff[/Counterclaim Defendant-Appellee] Newtown Estates Community Association's [(**Newtown's**)] Motion for an Award of Attorney's Fees and Costs Against [Kaaihue] and [Defendant/Counterclaimant-Appellee Yong Nam Fryer (**Fryer**)[2]], as well as the Circuit Court's October 17, 2019 Order Granting [Newtown's] Motion for an Award of Attorney's Fees and Costs Against [Kaaihue] and [Fryer]. (**Orders Granting Attorneys' Fees**).

This consolidated appeal stems from a dispute about whether Kaaihue and Fryer's 82-acre property (**Property**) was subject to the restrictions and conditions of Newtown Estates. Newtown requires the homes in its community to comply with its Master Declaration of Covenants, Conditions and Restrictions for the Newtown Estates at Waimalu, Hawaiʻi (**MDCCR**). Newtown had not enforced the MDCCR against previous owners of the Property. In 2013, Newtown filed suit to compel Kaaihue and Fryer (Kaaihue's mother) to bring the Property into compliance with the MDCCR. Kaaihue and Fryer brought various counterclaims alleging, *inter alia*, that they had detrimentally relied on Newtown's representations to Kaaihue that the Property was not subject to

---

[2]     Fryer did not file a Notice of Appeal in this case, and therefore, is not an appellant. The Notices of Appeal in CAAP-19-0000805, CAAP-19-0000806, and CAAP-19-0000357 bear only Kaaihue's signature. Kaaihue is not an attorney and is unable to represent Fryer's legal interests. Kaaihue repeatedly attempted to sign documents on behalf of Fryer in the Circuit Court; the Circuit Court properly denied such attempts and ordered Kaaihue not to file any further pleadings on behalf of Fryer.

the MDCCR.  On January 30, 2019, a jury determined, *inter alia*, that the Property was part of Newtown Estates and that the Property was subject to the MDCCR.

In the Opening Brief, Kaaihue did not identify her points of error or specify where in the record the alleged errors occurred and where the alleged errors were objected to and preserved, as required by the appellate court rules.  See Hawai'i Rules of Appellate Procedure (**HRAP**) Rule 28(b)(4).  Nevertheless, we interpret self-represented claims liberally and will address Kaaihue's arguments to the extent we are able to discern them. See, e.g., Erum v. Llego, 147 Hawai'i 368, 380, 465 P.3d 815, 827 (2020).

It appears that Kaaihue makes six arguments on appeal, contending that:  (1) the Circuit Court did not have subject matter jurisdiction over the litigation; (2) the jury erred in concluding that the Property was subject to the MDCCR, at least in part because Newtown did not act fairly in imposing the MDCCR on the Property; (3) the jury erred in failing to conclude that Kaaihue detrimentally relied upon the communications from Newtown indicating that the Property was not part of Newtown Estates; (4) the jury erred in failing to conclude that Kaaihue suffered Intentional Infliction of Emotional Distress at the hands of Newtown; (5) Newtown was required to defend Kaaihue in a separate lawsuit involving the Property; and (6) the Circuit Court abused its discretion in awarding attorneys' fees.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Kaaihue's appeal as follows:

(1) Kaaihue argues that the Circuit Court did not have subject matter jurisdiction over the litigation.  The Hawaiʻi Supreme Court has held:

> Questions regarding subject matter jurisdiction may be raised at any stage of a cause of action.  When reviewing a case where the circuit court lacked subject matter jurisdiction, the appellate court retains jurisdiction, not on the merits, but for the purpose of correcting the error in jurisdiction.  A judgment rendered by a circuit court without subject matter jurisdiction is void.

Kellberg v. Yuen, 131 Hawaiʻi 513, 526, 319 P.3d 432, 445 (2014) (quoting Lingle v. Haw. Gov't Emps. Ass'n, 107 Hawaiʻi 178, 182, 111 P.3d 587, 591 (2005)).

Hawaii Revised Statutes (**HRS**) § 603-21.5(a)(3) (2016) provides the circuit courts with subject matter jurisdiction over "[c]ivil actions and proceedings".  HRS § 501-1 (2018) establishes the Land Court and states, in pertinent part:

> **§501-1  Court; jurisdiction; proceedings; location; rules; practice, etc.**  A court is established, called the land court, which shall have <u>exclusive original jurisdiction of all applications for the registration of title to land and easements or rights in land held and possessed in fee simple within the State</u>, with power to hear and determine all questions arising upon such applications, and also have jurisdiction over such questions as may come before it under this chapter, subject to the rights of appeal under this chapter.

(Emphasis added.)

The supreme court has stated that "[t]he circuit courts are courts of general jurisdiction[.]  Thus, the circuit court has jurisdiction over all civil causes of action unless precluded by the State Constitution or by statute."  Sherman v. Sawyer, 63 Haw. 55, 57-58, 621 P.2d 346, 348-49 (1980) (internal citations and footnotes omitted).  Similarly, this Court has previously held that,

> [R]egardless of whether the land court enjoys exclusive jurisdiction over amendments or alterations to a certificate of title, the circuit court has concurrent jurisdiction under HRS § 501-1 to determine matters regarding title to land court property as recognized by [Iaea v. Iaea, 59 Haw. 648, 586 P.2d 1015 (1978)].  As such, the Circuit Court had jurisdiction . . . to determine the scope of [the easement at issue in that case], but did not have jurisdiction to order an amendment to the . . . certificates of title.

Childs v. Harada, 130 Hawaiʻi 387, 405, 311 P.3d 710, 728 (App. 2013) (footnote omitted); see also Waimea Falls Park, Inc. v. Brown, 6 Haw. App. 83, 85 n.5, 712 P.2d 1136, 1138 n.5 (1985) (holding that "[HRS] chapter 501 does not contemplate that, after registration, every controversy involving registered land must be decided by the land court[]" and noting that "[w]e find nothing in the statutes or our case law indicating that the land court has exclusive jurisdiction over matters affecting registered land.") (internal citations omitted).

As properly determined by the Land Court and the Circuit Court, the Circuit Court had jurisdiction to determine whether the Property was subject to the MDCCR.  The only relief that would exclusively lay within the jurisdiction of the Land Court would be a request to modify the certificate of title.

Newtown did not seek to amend the certificate of title. Kaaihue's Counterclaim prayed for general, special, and punitive damages, equitable relief, and costs and attorneys' fees; it did not request that the Circuit Court modify the certificate of title. Accordingly, the Land Court's exclusive jurisdiction was not invoked, and the Circuit Court had jurisdiction over this litigation.

(2) Kaaihue makes multiple challenges to the sufficiency of the evidence and the jury's factual determinations.

However, HRAP Rule 10 requires appellants to request transcripts that are not already part of the record, as they deem necessary for their arguments. HRAP Rule 10(b)(1)(A). If an appellant deems it unnecessary to have transcripts prepared, or if an appellant decides to order fewer than all of the transcripts, notice is required to be filed and served on the appellee(s). HRAP Rule 10(b)(2); (4).

Kaaihue did not order trial transcripts in this matter. Instead, in her Reply Brief, Kaaihue referenced HRAP Rule 10 and stated, *inter alia*, that:

> The jury special verdict form asked the Jury to make a ruling whether or not the Appellant's property was subjected to the MDCCR's of Newtown Estates. In addition to the special verdict, multiple other verdicts were also rendered simultaneously. This was all presented in the Opening Brief, The Answering Brief, along with the final order, and therefore, the Appellant deemed it unnecessary to seek transcripts.
>
> . . . .

6

> The appellant deemed unnecessary to detail the transcripts, when Circuit Court lacked jurisdiction to hear a case regarding "cloud on title", and "adverse possession".  Many related documents are already on file including the Jury's verdict for the Appellant [sic] Court to Review.  The case is simple, Land Court is exclusively reserved for special issues including "clouds on title & adverse possession". Therefore Appellant followed all rules of the HRAP.

Without transcripts of the trial proceedings, this Court is unable to review Kaaihue's arguments challenging the jury's verdict.

(3)  Kaaihue does not specify which attorneys' fees she believes were unlawfully imposed by the Circuit Court.  Rather, she argues that Newtown's "abuse of authority" precluded it from seeking fines, costs, and attorneys' fees.  She further argues, without factual or legal support, that $570,000 in fines and fees was "outrageous" and "would inflict emotional distress upon any reasonable and sensible person."  Kaaihue identifies HRS chapter 421J as authority for her argument, but she does not explain or argue which section applies, or how the Circuit Court's Orders Granting Attorneys' Fees were inconsistent with the statute.  We decline to search the record or otherwise attempt to discern factual and legal bases for Kaaihue's assertion on appeal.  <u>See</u> <u>Hawaii Ventures, LLC  v. Otaka, Inc.</u>, 114 Hawaiʻi 438, 480, 164 P.3d 696, 738 (2007) ("This court is not obligated to sift through the voluminous record to verify an appellant's inadequately documented contentions.") (citation omitted); <u>see</u> <u>also</u> <u>Lindner v. Durkee</u>, No. CAAP-17-0000537 & No. CAAP-17-0000578, 2022 WL 2134319, at *9 (Haw. App. June 14,

7

2022) (mem. op.) (declining to search the record for factual or legal bases where the appellant did not specify which additional fees were unlawful under HRS § 421J-10).

For these reasons, the Circuit Court's December 4, 2019 Judgment is affirmed.

DATED:  Honolulu, Hawaiʻi, May 31, 2023.

On the briefs:

Angela Sue Kaaihue,
Defendant/Counterclaimant-
Appellant, pro se.

Phillip A. Li,
Tyler A. Tsukazaki,
(Li & Tsukazai), and
Carol A.L. Rosenberg,
(Motooka Rosenberg Lau &
Oyama),
for Plaintiff/Counterclaim-
Defendant-Appellee.

/s/ Katherine G. Leonard
Presiding Judge

/s/ Clyde J. Wadsworth
Associate Judge

/s/ Sonja M.P. McCullen
Associate Judge